**UNITED STATES of America, Appellee,**

v.

**Alfred Lee WILSON, Appellant.**

**No. 76–2021.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 18, 1977.

Decided June 22, 1977.

Joel H. Holt, Third Year Law Student (Michael S. Shelton, David Lasso, Third Year Law Student, on brief), for appellant.

Michael A. Rhine, Asst. U. S. Atty., Norfolk, Va. (William B. Cummmings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN * and WIDENER, Circuit Judges.

PER CURIAM:

The defendant appeals his conviction for rape in violation of 18 U.S.C. § 2031. He contends that there was insufficient evidence to support his conviction, that the trial court erred in instructing the jury, that the trial court violated his right to counsel by refusing to permit him to participate in closing argument, and that the trial court erred in ruling that the government could introduce a conviction obtained in a West German court to impeach his credibility.

The only contention requiring discussion is that involving the use of the German conviction for impeachment.

* Circuit Judge Craven after argument expressed agreement with the result but died before the opinion was prepared.

The defendant had been convicted of rape in a German court. The trial court ruled that the government could ask the defendant whether he had ever been convicted of a felony, but could not bring out the fact that the prior conviction was for rape. The defendant contends that the court should have held the prior conviction inadmissible because the German legal system lacks many of the procedural protections of our own system, particularly the right to a jury trial.

Although the German conviction may have been obtained without a jury trial, we do not think that it was error to rule that the government could introduce the conviction to impeach the defendant under Rule 609 of the Federal Rules of Evidence. A jury trial for serious offenses is essential to fundamental fairness in trials conducted in this country under the Anglo-American system of justice. *Duncan v. Louisiana,* 391 U.S. 145, 150 n. 14, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). But a jury trial is not essential for fairness in every system of justice. *Id.* The only question here is whether the German legal system is so fundamentally unfair that a conviction obtained under it is inadmissible. The defendant has not shown that the German legal system lacks the procedural protections necessary for fundamental fairness. We note that the State Department routinely releases United States citizens to be tried by German courts, and that the defendant does not claim that he lacked the assistance of counsel during his trial in Germany.

When one is convicted in this country in violation of a federal constitutional right to a jury trial, vindication of the constitutional right may warrant exclusion of evidence of the conviction. But there is no such justification for excluding a conviction obtained without a jury in a foreign country.

As to the defendant's other contentions, we find that the evidence was sufficient to sustain the conviction, the court's instructions were adequate, and the court was within its discretion in denying the defendant the opportunity to share his closing argument with his attorney.

AFFIRMED.