UNITED STATES of America,
Plaintiff-Appellee,

v.

Enrique Antonio RAMON–PÉREZ,
Defendant-Appellant.

No. 82–3032
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 25, 1983.

H. Jay Stevens, Asst. Federal Public Defender, Orlando, Fla., for defendant-appellant.

Donald E. Christopher, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

On November 19, 1981, Ramon-Perez was indicted on a charge of passing and uttering a counterfeit Federal Reserve Note in violation of 18 U.S.C. § 472. He was arrested on November 20, 1981 and released a few days later on an unsecured bond in the amount of $5,000. Some time in the following weeks appellant turned over his car to the cosigner on a loan used to purchase it. He quit his job on December 30, 1981 and secretly left town. When he failed to appear for a hearing on a Motion to Suppress on January 4, 1982 a bench warrant was issued on the government's motion.

Appellant was subsequently apprehended on April 22, 1982 in Minneapolis, Minnesota by the Secret Service. Following a superseding indictment and trial on July 6, 1982, Ramon-Perez was found guilty of two counts of passing counterfeit currency with intent to defraud in violation of 18 U.S.C. §§ 472 and 2. He was sentenced to two concurrent sentences of three years.

The sole issue on appeal is whether the evidence of appellant's flight was improperly admitted at trial. Appellant argues that the probative value of the evidence was greatly weakened because the flight was seven weeks remote in time from the original indictment. Citing *United States v. Myers,* 550 F.2d 1036 (5th Cir.1977), *cert. denied,* 439 U.S. 147, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978), appellant argues that an inference of consciousness of guilt cannot be confidently drawn from the evidence of flight.[1] He reasons that, had there been a true consciousness of guilt he would have fled immediately after the fraudulent transaction or after he was first questioned, informally, by the Secret Service. He claims that because even innocent men may panic and run from fear of the judicial

---

1. The probative value of flight as circumstantial evidence of guilt depends "upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to conscious- ness of guilt concerning the crime charged; (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." *United States v. Myers,* 550 F.2d at 1049.

process, the prejudicial effect of the flight evidence far outweighs its probative value.

■ We recognize that "when there exists a significant time delay from the commission of the crime, or the point at which the suspect becomes aware that he is the subject of a criminal investigation, to the time of flight" evidence of flight may be inadmissible. *United States v. Borders,* 693 F.2d 1318, 1326 (11th Cir.1982). In some circumstances, a time lapse of even less than seven weeks may render the flight evidence inadmissible. *See, e.g., United States v. Myers,* 550 F.2d at 1050–51; *United States v. Beahm,* 664 F.2d 414, 420 (4th Cir.1981).

■ But the interpretation to be gleaned from an act of flight should be made with a sensitivity to the facts of the particular case. *United States v. Borders,* 693 F.2d at 1325. We do not now consider a situation in which occurrences intervening between the indictment and the flight cloud or confuse the inference of a causal relationship between the ·two. In sharp distinction to *Myers,* this is not a case where the evidence suggests that appellant might have been fleeing from an entirely different crime, or might not have been fleeing at all. Although many reasons other than a flight from justice could have prompted appellant's move to Minneapolis, appellant has, significantly, offered no alternative explanation for the move. In addition, the estimated date of flight was only a few days before his scheduled suppression hearing. It is at least a reasonable inference that appellant was running away from the impending suppression hearing and trial.

The instinctive or impulsive character of immediate flight may indicate a fear of apprehension that gives power to such evidence. *United States v. Myers,* 550 F.2d at 1051. The time delay between the indictment and the flight, and the carefulness of appellant's preparations regarding his job and his car, may lessen the probative value of the evidence, but they do not render it inadmissible. The judgment of the district court is

AFFIRMED.