804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Roy C. BLANKENSHIP, Appellant.
 No. 86-5545.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 7, 1986.
Decided Nov. 5, 1986.
 
 James J. Brink, Assistant Federal Public Defender (Leon T. Copeland, Federal Public Defender, on brief), for appellant.
 John A. Kessler, Assistant U.S. Attorney (David A. Faber, U.S. Attorney, on brief), for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant appeals his drug conviction on the ground that the admission of evidence of his involvement in prior drug transactions was error requiring reversal. The district court admitted such evidence as testimony showing intent: "The court does believe that they are probative and relevant on the issue of intent and that the probative value of the evidence that is involved is not substantially outweighed by the prejudicial effect to the defendant in this case, and consequently the court will with an instruction to the jury allow the jury to give consideration to those alleged other bad acts."
 
 
 2
 Evidence of other crimes, if intent is an element in the crime charged, may properly be admitted at trial. Fed.R.Evid. 404(b); United States v. Hines, 717 F.2d 1481 (4th Cir.1983), cert. denied sub nom. Jackson v. United States, 467 U.S. 1214 (1984); United States v. Beahm, 664 F.2d 414 (4th Cir.1981). The offenses of which the defendant was charged included both conspiracy and possession of cocaine with intent to distribute, as well as the crime of distribution of LSD. Intent was definitely an element in the offenses charged and the challenged evidence supported the inference that, in the matters charged, the defendant's possession was with intent to distribute. Such evidence has been uniformly held admissible. United States v. Hines, supra, 717 F.2d at 1489; United States v. Beahm, supra, 664 F.2d at 417. We accordingly find no error in the district court's ruling.
 
 The judgment of conviction is
 
 3
 AFFIRMED.