946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Douglas Wayne FAULS, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Wayne FAULS, Defendant-Appellant.
 Nos. 90-5554, 91-5385.
 United States Court of Appeals, Fourth Circuit.
 Argued Aug. 2, 1991.
Decided Oct. 16, 1991.
 
 Appeals from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (CR-90-109-R)
 Argued: Stephen Urban Baer, Assistant United States Attorney, Roanoke, Va., for appellant; Deborah S. Caldwell-Bono, Roanoke, Va., for appellee.
 On Brief: E. Montgomery Tucker, United States Attorney, Roanoke, Va., for appellant.
 W.D.Va.
 NO. 90-5554 VACATED AND REMANDED AND NO. 91-5385 AFFIRMED.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and FALCON B. HAWKINS, Chief United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In No. 90-5554, the government appeals the order of the district court granting the defendant's motion for judgment of acquittal following a jury's guilty verdict on two counts charging use of a firearm during or in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1). In No. 91-5385, Douglas Wayne Fauls appeals his convictions for (1) possession with intent to distribute marijuana; (2) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and (3) possession with intent to distribute cocaine. For the reasons that follow, we vacate and remand for sentencing in No. 90-5554 and affirm in No. 91-5385.
 
 
 2
 In April 1990 Detective David Boyer of the Roanoke Police Department received a tip from an informant that Fauls was selling marijuana at 1317 Westside Boulevard, N.W., in Roanoke. The informant stated that she knew Fauls, had been to his house, and that she was familiar with the appearance and packaging of marijuana. Boyer's affidavit submitted in support of the search warrant states "within the last three (3) months the informant has given information to the Roanoke City Vice Bureau which has led to one (1) felony drug arrest which is pending in court." After verifying Fauls's address in the telephone directory, Boyer obtained a search warrant to search his residence.
 
 
 3
 A search of 1317 Westside Boulevard (at which Fauls was present) turned up 8.4 ounces of marijuana, a set of weighing scales, a box of plastic baggies bearing Fauls's fingerprints, two loaded shotguns hanging on a gun rack, ammunition and reloading equipment, pipes ("bongs"), and a note pad containing several names and a list of sixteen money figures, one of $260.00, the rest $130.00.[1] In addition, the police seized from Fauls two baggies of marijuana and $2695 in cash from his wallet.
 
 
 4
 In May 1990 Boyer received information from an informant that Fauls was selling cocaine at 1317 Westside Boulevard.[2] The affidavit filed with the application for a search warrant states "within the past four (4) months the informant has given information to the Roanoke City Vice Bureau which has led to three (3) felony drug arrests which are all pending in court." Another search of Fauls's residence turned up a film canister containing five individually wrapped packages of cocaine (totalling 4.13 grams), a loaded .38 caliber Smith & Wesson revolver (located in a kitchen cabinet adjacent to the one containing the film canister), 225 .22 caliber cartridges, a set of "brass knuckles," and various items of drug paraphernalia.[3]
 
 
 5
 Fauls was convicted by a jury on all six counts of an indictment charging him with (1) possession with intent to distribute marijuana; (2) use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (with respect to the shotguns and ammunition found during the first search); (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); (4) possession with intent to distribute cocaine; (5) use of a firearm during and in relation to a drug trafficking crime (with respect to the .38 caliber revolver and other ammunition found in the May 1990 search); and (6) possession of a firearm by a convicted felon (the .38 caliber revolver). The district court granted Fauls's motion for judgment of acquittal as to counts two and five, finding that the government had failed to produce any evidence that Fauls "used" the weapons "during and in relation to" the drug trafficking crimes of which he was convicted.
 
 1. No. 90-5554
 
 6
 Counts two and five charge Fauls with violations of 18 U.S.C. § 924(c)(1), which provides, in relevant part: "Whoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years." The district court, after reviewing the evidence, found that " 'mere possession' of the guns should not, and does not satisfy the 'use' provision of 924(c)" and that "there simply was no evidence to connect the guns with drug trafficking." The standard of review of a motion for judgment of acquittal is the same as that applied to a defendant's challenge to the sufficiency of the evidence. United States v. Steed, 674 F.2d 284, 286 (4th Cir.) (en banc ), cert. denied, 459 U.S. 829 (1982). That is, a jury's verdict must be sustained when, viewing the evidence and inferences therefrom in the light most favorable to the government, a reasonable trier of fact could find guilt beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60 (1942); United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982).
 
 
 7
 After the district court granted Fauls's motion for judgment of acquittal, this Court addressed the question of what constitutes "use" of a firearm within the meaning of section 924(c)(1), and we held:
 
 
 8
 Ownership is not essential to the possession and use of a firearm. Moreover, constructive possession of firearms in relation to a drug transaction is sufficient to establish "use." See United States v. Matra, 841 F.2d 837, 841-42 (8th Cir.1988). As we stated in United States v. Brockington, 849 F.2d 872 (4th Cir.1988), the weapon need not be brandished or displayed. Rather, "it is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used. Id. at 876.
 
 
 9
 United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991). In Paz, a gun was found underneath a mattress during a search of the defendant's bedroom. The defendant argued that, because the gun was inaccessible, he did not "use" the gun within the meaning of the statute. This Court disagreed, holding that "constructive possession of firearms in relation to a drug transaction is sufficient to establish 'use'." Id. Here, the evidence presented to the jury with respect to count two proved that two shotguns were found in plain view in the master bedroom at 1317 Westside Boulevard. A check stub bearing the defendant's name was found in the nightstand, along with men's clothing in the dresser. This evidence, along with defendant's fingerprints found on a shell in the stock of one of the guns, could lead a reasonable jury to conclude that Fauls exercised dominion and control over the weapons.[4] This conclusion, taken together with the drugs, paraphernalia, and other evidence of distribution found in reasonably close proximity to the guns could then support a jury's finding of guilt under 18 U.S.C. § 924(c)(1). See also United States v. Feliz-Cordero, 859 F.2d 250, 254 (2d Cir.1988) (stating that the presence of a firearm constitutes "use" under section 924(c) where "[t]he circumstances surrounding the presence of a firearm in a place where drug transactions take place suggest that it was strategically located so as to be quickly and easily available for use during such a transaction.")
 
 
 10
 The reasoning of Paz applies equally to the second charge stemming from the May 1990 search in which police confiscated a loaded .38 caliber revolver from a kitchen cabinet. Officer Wood (who was one of the officers present at this search) testified that upon his entering 1317 Westside Boulevard, Fauls was seen standing at a kitchen table with two men seated on either side of him. Fauls was leaning over a small mirror "with white powder on it," and, as he saw the officers entering the room, threw down a razor blade and ran. The gun was found in a kitchen cabinet adjacent to where the cocaine was found.
 
 
 11
 Therefore, in light of our reasoning in Paz, we vacate the judgment of acquittal on these two counts and remand to the district court for sentencing.
 
 2. No. 91-5385
 
 12
 Fauls argues that the district court erred in (1) denying his motion to suppress evidence seized pursuant to both search warrants and (2) denying his motion to sever the April charges from the May charges. In addition, Fauls argues that the doctrine of "entrapment by estoppel" applies to bar his prosecution for possession of a firearm by a convicted felon, and, finally, that the evidence is insufficient to sustain the jury's guilty verdicts as to counts two through six.
 
 
 13
 a. Motion to suppress.
 
 
 14
 Fauls argues that there was no probable cause to support the issuance of either search warrant and that, therefore, the district court erred in denying his motion to suppress the evidence seized pursuant to those warrants.
 
 
 15
 Probable cause is defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Under the Supreme Court's "totality of the circumstances" test, the reliability and credibility of the informer and his basis of knowledge are considerations taken into account in determining probable cause, but they are not strictly separate requirements. Gates specifically reaffirms a prior holding of the Court in which probable cause was found on facts similar to this case:
 
 
 16
 In Jones v. United States, 362 U.S. 257, 271 (1960), we held that probable cause to search petitioners' apartment was established by an affidavit based principally on an informant's tip. The unnamed informant claimed to have purchased narcotics from petitioners at their apartment; the affiant stated that he had been given correct information from the informant on a prior occasion. This, and the fact that petitioners had admitted to police officers on another occasion that they were narcotics users, sufficed to support the magistrate's determination of probable cause.
 
 
 17
 Gates, 462 U.S. at 232 n. 7.
 
 
 18
 Fauls argues that the warrant was issued on the basis of a "bare bones assertion," citing United States v. Barrington, 806 F.2d 529 (5th Cir.1986). In that case, the affidavit stated only that the affiant "received information from a confidential informant" who was "known to [the officer] and has provided information in the past that has led to arrest and convictions." Id. at 531. In contrast, Detective Boyer's April affidavit stated:
 
 
 19
 Within the past 72 hours a reliable informant was inside the premises to be searched and observed a white male known to the informant as Doug Falls aka 'Butch,' 27 years of age, 5'7' tall, 150 pounds with brown hair offering a green brown plant material for sale. Doug Falls aka "Butch" told the informant the green brown plant material was marijuana. There was more marijuana inside the premises to be searched when the informant left. The informant is a self admitted drug user and is familiar with the appearance and packaging of marijuana.... Within the last three (3) months the informant has given information to the Roanoke City Vice Bureau which has led to one (1) felony drug arrest which is pending in court.
 
 The May affidavit stated:
 
 20
 Within the past 72 hours a reliable informant was inside the premises to be searched and observed a white male known to the informant as Douglas Wayne Fauls aka "Butch" offering a white powder substance for sale. Douglas Wayne Fauls aka "Butch" told the informant the white powder substance was cocaine. There was more cocaine inside the premises to be searched when the informant left. The informant is a self admitted drug user and is familiar with the appearance and packaging of cocaine.... Within the past four (4) months the informant has given information to the Roanoke City Vice Bureau which has led to three (3) felony drug arrests which are all pending in court.
 
 
 21
 Clearly, these affidavits provide much more information than that in Barrington.
 
 
 22
 In addition, Fauls argues that the informant's reliability was not established because the prior tips had only led to arrests and not convictions. However, he is unable to provide any authority for this requirement. See, e.g., United States v. Jackson, 818 F.2d 345, 348 (5th Cir.1987) (stating that one manner of establishing reliability is for the affidavit to state that "the informant has previously given tips that have proved to be correct ") (emphasis added).
 
 
 23
 b. Severance of charges.
 
 
 24
 Fauls argues that the district court erred in denying his motion to sever the April charges from the May charges because evidence of one would have been inadmissible at his trial for the other. Therefore, he argues, he was unfairly prejudiced.
 
 
 25
 This argument is based on an improper assumption: under Fed.R.Evid. 404(b), evidence of either crime would be admissible at a trial on the other. Rule 404(b) allows evidence of "other crimes, wrongs or acts" to be admitted to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Therefore, as the government correctly points out in its reply brief:
 
 
 26
 Because the defendant put the fact of the identity of the seller in issue, the United States could have introduced the facts surrounding the April 5th incident, to which the defendant does not contest, to show a common plan or scheme, knowledge, identity or absence of mistake with respect to drug sales at the very same location on May 24th.
 
 
 27
 See United States v. Beahm, 664 F.2d 414 (4th Cir.1981) (finding evidence of recent prior episodes of conduct at issue admissible despite inflammatory effect it may have had on jury).
 
 
 28
 Fauls also argues that a comment made by a member of the jury, which was made in the jury room during the jury's deliberations and was brought out only after the verdict, indicates that the jury was unable to consider the evidence as to each count independently. The statement was that "[h]e [Fauls] must be a slow learner. Just been caught in one case and again." A denial of severance will be reversed only for abuse of discretion resulting in the denial of fair trial and a miscarriage of justice. United States v. Chorman, 910 F.2d 102 (4th Cir.1990). This juror's statement alone, made during the jury's deliberations, fails to show actual prejudice amounting to the deprivation of a fair trial.
 
 
 29
 c. Entrapment by estoppel.
 
 
 30
 Fauls argues that he cannot be convicted of possession of a firearm by a convicted felon (counts three and six) because his probation officer told him that he could "be around" weapons--he just could not "use or handle" them. This, Fauls contends, amounts to "entrapment by estoppel," a theory recognized by the Supreme Court in two cases: Cox v. Louisiana, 379 U.S. 559 (1965), and Raley v. Ohio, 360 U.S. 423 (1959). In a case involving almost identical facts, this Court recently held that entrapment by estoppel does not apply where the defendant claims reliance on a state official's advice but the federal government is prosecuting. United States v. Etheridge, 932 F.2d 318 (4th Cir.1991). Fauls agrees that Etheridge controls but "respectfully urges this Court to reconsider its position." We decline to do so.
 
 
 31
 d. Sufficiency of the evidence.
 
 
 32
 Fauls argues that the evidence presented by the government is insufficient to sustain a guilty verdict as to counts two, three, four, five and six.
 
 
 33
 (1) Counts two and five. These counts charge Fauls with a violation of 18 U.S.C. § 924(c)(1), which prohibits the use of a firearm during or in relation to a drug-trafficking crime. We have concluded in No. 90-5554 that the evidence was sufficient to sustain the jury's guilty verdict.
 
 
 34
 (2) Counts three and six. These counts charge Fauls with violating 18 U.S.C. § 922(g)(1), which makes it unlawful for a convicted felon to possess a firearm. Fauls first argues that the government failed to prove that the firearms had travelled in interstate commerce. However, the government presented ample proof on this element through the testimony of a special agent of the Bureau of Alcohol, Tobacco and Firearms and through admission of firearms tracing forms. See United States v. Buggs, 904 F.2d 1070, 1076 (7th Cir.1990) ("[p]roof that a weapon has previously traveled in interstate commerce is sufficient to demonstrate the requisite commerce element for the purposes of section 922(g)(1)").
 
 
 35
 Fauls next argues that there was insufficient proof of possession to sustain these convictions. However, Fauls rests this argument on the presumption that, because two people were shown to reside in the same household, the government had to prove that Fauls had exclusive possession. However, evidence of constructive possession is sufficient to sustain a verdict under section 922. In United States v. Moreno, 933 F.2d 362 (6th Cir.1991), the Sixth Circuit found against the defendant on a similar claim:
 
 
 36
 Evidence that [the defendant] had actual or constructive possession of the firearm is sufficient to sustain the verdict. 'Constructive possession exists when a person does not have actual possession but instead knowingly has the power and intention at a given time to exercise dominion and control over an object, either directly or through others.' United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973).
 
 
 37
 Moreno, 933 F.2d at 373.
 
 
 38
 Here, the government provided sufficient evidence to show actual or constructive possession of both the shotguns found in April and the revolver found in May. There was uncontested evidence linking Fauls to the residence where the guns were found: his presence on both occasions, the telephone directory listing, and several documents bearing his name. The shotguns were found in plain view in the master bedroom and one contained a shell bearing Fauls's fingerprints. The .38 caliber revolver was found inside a kitchen cabinet a few feet away from Fauls. Based on these facts, a reasonable jury could have found Fauls guilty beyond a reasonable doubt of violating section 922(g).
 
 
 39
 (3) Count four. Fauls argues that there was insufficient evidence to sustain a verdict for possession of cocaine with intent to distribute. He argues that "the evidence of the government rises no higher than a conviction of simple possession."
 
 
 40
 Although some of the usual indicia of intent to distribute are lacking here (e.g., large quantities of drugs and cash), the evidence, when reviewed in the light most favorable to the government, does support the jury's verdict on this count. The cocaine was found in five individually wrapped packages on top of a kitchen counter. Detective Wood testified that cocaine is typically packaged in this manner (in corners of plastic baggies) for sale. In addition, police found one hundred dollars in currency nearby. Boyer testified that this amount was significant because it is the going rate for one gram of cocaine. In United States v. Fisher, 912 F.2d 728 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3769 (U.S.1991), this Court upheld a conviction of possession with intent to distribute cocaine where police seized 1.52 grams of cocaine packaged in four small "baggie corners" (compared with 4.13 grams in five packages here), stating that "[b]aggies and baggie corners are well-known tools of the narcotics distribution trade." Fisher, 912 F.2d at 731. Also, the possession of a firearm was determined to be further circumstantial evidence of an intent to distribute.
 
 
 41
 Id.
 
 
 42
 Therefore, we affirm Fauls's convictions on all counts.
 
 
 43
 No. 90-5554, VACATED AND REMANDED.
 
 
 44
 No. 91-5385, AFFIRMED.
 
 
 
 [1]
 There was testimony that dealers typically break down larger quantities of marijuana into one-ounce portions. The jury also heard testimony that the going price for an ounce of marijuana was between $100 and $140
 
 
 [2]
 There is no indication in the affidavit filed with the application for the search warrant or in Boyer's testimony as to whether this was the same informant who provided the information the previous month
 
 
 [3]
 The paraphernalia included a mirror with cocaine on it over which Fauls was leaning at the time the officers entered the premises. The mirror had Fauls's name written on the back
 
 
 [4]
 Also, Fauls admitted to his possession of the reloading equipment found in another bedroom by stating to one of the officers "I guess you're going to take my ... reloading equipment, too."