UNITED STATES of America, Plaintiff,

v.

**Ronald W. SKEDDLE, et al., Defendants.**

**No. 3:95CR736.**

United States District Court,
N.D. Ohio,
Western Division.

Oct. 21, 1997.

Thomas A. Karol, Robert W. Kern, Asst. U.S. Attys., for U.S.

Brendan V. Sullivan, Jr., Barry S. Simon, Marcie R. Ziegler, William & Connolly, Washington, DC, for Darryl J. Costin.

Robert Gold, Michael Sommer, McDermott, Will & Emery, New York City, for Ronald W. Skeddle.

Richard A. Hibey, Gordon A. Coffee, Douglas N. Greenburg, Winston & Strawn, Washington, DC, for Edward B. Bryant.

Gerald A. Messerman, Messerman & Messerman, Cleveland, OH, for David Herzer.

John E. Martindale, Martindale, Brzytwa & Quick, Niki Z. Schwartz, Gold, Rotatori, Schwartz & Gibbons, Cleveland, OH, for John Corsaro.

J. Michael Murray, Berkman, Gordan, Murray, Palda & DeVan, Cleveland, OH, for David Hobe.

John Czarnecki, Cooper, Walinski & Cramer, Toledo, OH, for Clarence Martin.

John J. Callahan, Secor, Ide & Callahan, Toledo, OH, for John Purser.

CARR, District Judge.

This is a criminal case in which eight defendants are accused of various counts of wire and mail fraud, money laundering and conspiracy. Pending is a motion in limine by defendants Herzer and Corsaro to bar evidence of alleged document alteration. (Doc. 629). Defendants Skeddle, Costin and

Bryant filed a memorandum in support of this motion. (Doc. 762). Plaintiff has filed a memorandum of law supporting admission of the evidence of document alteration, including admission of the allegedly altered documents, (Doc. 763), to which defendants Skeddle, Costin and Bryant and defendants Herzer and Corsaro filed memoranda in opposition. (Docs. 767 and 769). For the following reasons, evidence of alleged document alteration shall be excluded.

### Background

The government has proposed to offer into evidence certain documents pertaining to the CTM transaction that were allegedly altered or created by defendant Herzer sometime in 1993. The defendants dispute the admissibility of this evidence, both as part of the defendant's substantive case and as a means of proving intent to defraud and consciousness of guilt on the part of Herzer.

The three transactions that form the basis for the indictment against the defendants were initiated in late 1990 and early 1991, when Herzer and Corsaro, attorneys at the law firm of Wickens, Herzer and Panza (WHP) met variously with defendants Skeddle, Costin, Purser, Hobe and others. In mid July, 1994, the government executed a search warrant at the offices of WHP and seized documents relating to the three transactions alleged in the indictment. Among the seized documents were the documents purportedly altered and/or created by defendant Herzer, which documents have remained in the possession of the government since that time. It is undisputed that, prior to the seizure of these documents, there had been no suggestion that defendants Herzer and Corsaro, or the law firm of WHP, were the subjects of criminal investigation.

### Discussion

■ The government seeks to introduce the allegedly altered documents both as substantive evidence and as evidence of intent to defraud and consciousness of guilt on the part of defendant Herzer. Because there has been no initial showing that the documents were created as part of or in furtherance of the alleged conspiracy, they are not admissible as overt acts of the conspiracy.

■ In addition, I find the government's reliance on the line of cases allowing similar act evidence to infer intent to defraud to be misplaced. The cases cited by the government involve defendants facing charges that are inextricably intertwined with the alteration and fabrication of evidence, i.e., obstruction of justice, impeding a grand jury investigation and knowingly passing altered documents. The fact that alteration or fabrication of documents is admissible to prove a defendant's criminal intent in such cases has no bearing here, where the defendants are not charged with spoliation of evidence. Indeed, Herzer's alleged fabrication and/or alteration of documents after the fact does little, if anything, to demonstrate his intent to defraud at the time he participated in three transactions at issue.

Having denied the government's first two bases for introduction of the altered document evidence, I turn to an analysis of what I find to be a closer question—whether the evidence can be admitted to prove consciousness of guilt on the part of Herzer.

■ To be admitted, prior bad act evidence must meet four requirements: 1) it must be relevant to an issue in the case; 2) it must be admitted for a proper purpose under Fed.R.Evid. 404(b); 3) the court must determine that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Fed.R.Evid. 403; and 4) upon the defendant's request, the trial court must give a limiting instruction on the evidence concerning the purpose for which it was admitted under Rule 105. *United States v. Bakke*, 942 F.2d 977, 981 (6th Cir.1991).

■ Under Sixth Circuit precedent, Fed.R.Evid. 404(b) permits admission of evidence that a defendant attempted to obstruct justice to show that defendant's consciousness of guilt. *United States v. Mendez–Ortiz*, 810 F.2d 76, 79 (6th Cir.1986), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987). Spoliation evidence of this type includes evidence of threatening or bribing a witness, *id.*; fleeing from prosecution, *United States v. Dillon*, 870 F.2d 1125, 1126 (6th Cir.1989), and destruction or suppression of evidence, *United States v. Battista*, 646 F.2d 237, 244 (6th Cir.1981).

▇ Few courts have analyzed the theory of logical relevance underlying admission of alteration evidenced. However, several courts have examined the chain of inferences required to admit a similar type of evidence—evidence of flight. In *United States v. Myers,* 550 F.2d 1036 (5th Cir.1977), the Fifth Circuit announced a four–part analysis for determining when evidence of flight is logically and legally relevant to show consciousness of guilt:

> The probative value of flight evidence depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*Id.* at 1049. The Fifth Circuit further stated that, to admit flight evidence, the government must ensure that each link in the chain of inferences leading to a conclusion of consciousness of guilt of the crime charged is sturdily supported. *Id.*

Several circuits have adopted the formulation of the *Myers* court. *See U.S. v. Schepp,* 746 F.2d 406, 409–410 (8th Cir.1984); *United States v. Martinez,* 681 F.2d 1248, 1255 (10th Cir.1982); *United States v. Borders,* 693 F.2d 1318, 1325 (11th Cir.1982); *United States v. Beahm,* 664 F.2d 414, 420 (4th Cir.1981). Additionally, this analysis has been expressly adopted by the Sixth Circuit. *See United States v. Dillon,* 870 F.2d 1125, 1127 (6th Cir.1989); *U.S. v. Mayweather,* 1995 WL 364220, *10 (6th Cir. June 16, 1995).

A number of courts have held that, to prove the second and third inferences in the four–part analysis, there must be a showing that the defendant had learned of the criminal charge against him when he fled. In *United States v. Beahm,* the Fourth Circuit, elaborating on the *Myers* four–part analysis, stated that the inference of consciousness of guilt from flight evidence "would be completely unfounded where a defendant flees after 'commencement of an investigation' unrelated to the crime charged, or of which the defendant was unaware," 664 F.2d 414, 419–420 (4th Cir.1981). *See also Schepp,* 746 F.2d at 410 (sufficient "evidentiary manifes-

tation" to support second inference when appellant fled immediately upon learning that the FBI had uncovered the link between his two cars and the crimes being investigated); *Martinez,* 681 F.2d at 1257–58 (flight evidence admissible where defendant had to know that he was being sought in connection with crime charged because of heavy media coverage); *United States v. Tille,* 729 F.2d 615, 622 (9th Cir.1984) (defendant was deemed aware that he was sought in connection with crime charged because local newspaper disclosed co–conspirator's cooperation and defendant had the name and address of a criminal defense attorney in his pocket).

In *Beahm* the prosecution attempted to prove defendant's consciousness of guilt by offering evidence that he had fled the jurisdiction before prosecution. The court found ample evidence to support the first *Myers* inference that defendant's conduct inferred flight. 664 F.2d at 420. The court went on to conclude, however, that the second inference, requiring some evidence that defendant's flight inferred consciousness of guilt, was not met:

> In this case, there was ample evidence that defendant "fled" the jurisdiction, but no evidence that he was aware that he was the subject of a criminal investigation. His flight did not occur until three weeks after the commission of the crime. He did receive a note from the FBI on the day he "fled," but nothing in the note suggests that the FBI wanted to arrest him or that it even suspected him. Nor did the note indicate that the incident ... [charged] ... was involved. In essence, the jury was allowed to draw an inference of ultimate guilt from flight based upon an inference that defendant felt guilty after receiving a note from the FBI, and this was error.

*Id. See also United States v. Silverman,* 861 F.2d 571, 581–82 (9th Cir.1988) (although court agreed that defendant knew he was suspected of some wrongdoing, instruction on flight was error where government failed to offer evidence creating inference of consciousness of guilt of precise crime charged).

In *Dillon,* the Sixth Circuit echoed the reasoning of the Fourth Circuit in *Beahm,* although it rejected a bright–line approach to

admission of flight evidence. Holding that defendant's flight just days after learning that a co–conspirator was about to implicate him in grand jury testimony inferred consciousness of guilt, the court stated:

"We reject Dillon's argument that these cases allow introduction of evidence of postponed flight only when that flight occurs after the defendant learns of the charges against him or her. Rather, these case recognize that flight may be proven *where it occurs after any event which would tend to spark a sharp impulse of fear of prosecution or conviction in a guilty mind.* This might occur long after the defendant learns of the charges ... [a]nd it can occur long before the defendant learns of the charges: for instance, when flight occurs after the defendant is served, himself, with a subpoena to appear before a Grand Jury. Indeed, the 'commencement of an investigation' may substitute for accusation as the precipitating event." (citations omitted) (emphasis added).

870 F.2d at 1128. Thus, the Sixth Circuit rejected a rigid rule that would disallow evidence of flight unless the prosecution can show that defendant in fact knew he had been charged with the crime. However, the Sixth Circuit maintains the spirit of the *Myers* four–part analysis, requiring that "the timing of the flight ... itself indicate the sudden onset or the sudden *increase* of fear in the defendant's mind that he or she will face apprehension for, accusation of, or conviction of the crime charged." *Id.*

The above line of cases, which can and should be adopted to the less–analyzed context of destruction and alteration of evidence, dictates that the prosecution's proposed evidence of altered documents should be excluded. Even assuming that the government's evidence meets the first part of the *Myers* analysis, *i.e.,* the erasures and/or additions made by the defendants infer exculpatory alterations, the second and third inferences cannot confidently be drawn. Any alterations made by the defendants were made before they had notice of any investigation or suspicion, and before any indictment was returned against them.

Moreover, even under the Sixth Circuit's more practical approach in *Dillon,* no evidence has been offered that the alleged alterations were the result of a sudden or sharp impulse of fear of prosecution or conviction by the defendants. Rather, the defendants' purported spoliation of evidence could have been in response to fear of civil prosecution or ethical reprimand, and therefore evidence only of their consciousness of general wrongdoing.

Additionally, "[t]he *Beahm–Myers* line of cases ... stands for the proposition that the probative value of flight evidence is substantially weakened if the suspect was not aware at the time of the flight that he was the subject of a criminal investigation for the particular crime charged." *Borders,* 693 F.2d at 1326. Where, as here, the potential prejudice of the alteration evidence to defendants Herzer and Corsaro is extremely high, and the probative value of the alteration evidence is somewhat dubious, exclusion of the evidence is proper.

█  Finally, I believe that the evidence is inadmissible under the balancing test of Fed. R.Evid. 403. The probative value, if any, is slight in light of the concerns outlined above. The potential prejudice to the,defendants, on the other hand, is very substantial: defendant Herzer is an attorney, and his conduct is likely to be more highly scrutinized by the jury than that of an ordinary lay person. Additionally, there is a grave risk of spillover of this scrutiny onto the other defendants—if the jury attributes wrongdoing to Herzer, it is likely to apply that wrongdoing through the attorneys to those defendants whom he and Corsaro represented, especially Skeddle, Costin and Bryant. Therefore, Fed.R.Evid. 403 mandates exclusion of the altered document evidence as well.

My decision is without prejudice to the government's ability to seek admission of the altered documents evidence for use in rebuttal, should it later appear that there is a basis for their admission. Moreover, should the government still wish to introduce into evidence the documents as they existed before the alleged alteration, I will consider any suggestions it may have as to how this may be done.

**Conclusion**

The admissibility of the altered WHP documents as circumstantial evidence of consciousness of guilt is dubious. The government puts forth no set of facts from which it can be inferred that Herzer and Corsaro knew or had reason to know that they were targets of a government investigation or acted in response to fear of criminal prosecution when they allegedly altered and created evidence. As such, the altered document evidence does not meet well–established guidelines for admissibility set forth in the *Myers–Beahm* line of cases and in the Sixth Circuit's opinion in *Dillon*.

Accordingly, it is hereby

**ORDERED THAT** the government's proposed evidence of document alteration shall be excluded.

**So ordered.**