935 F.2d 1287
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Weldon BAYSDON, Defendant-Appellant.
 No. 90-5076.
 United States Court of Appeals, Fourth Circuit.
 Argued April 12, 1991.
Decided June 26, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina at Raleigh. James C. Fox, Chief District Judge. (CR-90-26-5)
 Edwin Chrisco Walker, Assistant Federal Public Defender, Raleigh, N.C. (Argued), for appellant; William E. Martin, Federal Public Defender, Raleigh, N.C., on brief.
 Vicki S. Marani, Criminal Division, United States Department of Justice, Washington, D.C. (Argued), for appellee. Margaret Person Currin, United States Attorney, R. Daniel Boyce, Assistant United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED AND REMANDED.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and JOHN C. GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 PER CURIAM:
 
 
 1
 A jury convicted Bobby Weldon Baysdon of counterfeiting, and the district court sentenced him to 48 months imprisonment based on its calculation of the face value of the counterfeit items at issue under Sentencing Guideline Sec. 2B5.1. Baysdon appeals, contending that the district court erred by (1) allowing the government to impeach his testimony by asking if he had ever been convicted of a felony, and (2) miscalculating the face value of the counterfeit items that he was capable of producing. We affirm Baysdon's conviction but vacate his sentence and remand to the district court for resentencing.
 
 Impeachment Issue
 
 2
 Baysdon testified at trial. Before he took the stand he filed a motion in limine to exclude evidence of his prior felony conviction for incest, arguing that the court should exclude evidence of the conviction under Federal Rule of Evidence 609 because the prejudicial effect of the evidence outweighed its probative value. The court agreed with Baysdon that evidence of the incest conviction would be excessively prejudicial, but it allowed the government to ask Baysdon on cross-examination if he had ever been convicted of a felony, and Baysdon responded affirmatively.
 
 
 3
 The district court did not err in permitting the government to impeach Baysdon's testimony with the question regarding a prior felony conviction, because in this circuit the government may impeach a defendant's testimony with evidence of prior, unspecified felonies. See United States v. Wilson, 556 F.2d 1177, 1178 (4th Cir.1977); United States v. Beahm, 664 F.2d 414, 419 (4th Cir.1981).
 
 Sentencing Issue
 
 4
 The government conceded in its brief and at oral argument that confusion over the method used to calculate the amount of counterfeit currency that Baysdon was capable of producing requires that we remand the case for resentencing. Therefore, we affirm the conviction and remand for resentencing.
 
 
 5
 AFFIRMED AND REMANDED.