**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 97-4374

DARRYL LERON GILL,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                                No. 97-4383

JAMES GERALD BARBER, a/k/a Jed
Barber,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-96-584)

Submitted: July 14, 1998

Decided: August 6, 1998

Before WILKINS, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cameron Bruce Littlejohn, Jr., Columbia, South Carolina; Douglas Neal Truslow, Columbia, South Carolina, for Appellants. J. Rene Josey, United States Attorney, Marvin J. Caughman, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Appellants Darryl Leron Gill (Gill) and James Gerald Barber (Barber) of conspiracy to possess with the intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 846 (1994), and possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841 (1994), and 18 U.S.C. § 2 (1994).

On appeal, Appellants contend that the district court abused its discretion when it admitted into evidence documents found at the motel where the two were arrested and testimony regarding these documents because both the testimony and the documents were irrelevant and highly prejudicial. Appellants also assert that the district court abused its discretion when it refused to allow the defense to cross-examine a Government witness regarding investigative techniques. Further, Appellants claim that the district court committed plain error when it instructed the jury that it could infer a consciousness of guilt because they fled after the commission of a crime. Finally, Appellants contend that the district court abused its discretion when it denied their motion for a new trial based upon a newly discovered statement that could be used to impeach the Government's principal witness. Finding no reversible error, we affirm.

2

I.

On July 18, 1996, officers of the Rock Hill, South Carolina Police Department and the Drug Enforcement Administration (DEA) monitored and tape recorded telephone calls between cooperating witness LaTerrance Brice (Brice) and Appellants regarding a "crack" cocaine purchase. On tape, Appellants agreed to sell two ounces of "crack" cocaine to Brice. Thereafter, officials followed Brice to Gill's residence, where the drug transaction was going to take place. After the drug transaction took place, officials met with Brice and confirmed that Gill and Barber did in fact distribute the "crack" cocaine to him. Following the exchange, officials were unable to locate Gill or Barber. Finally, on July 26, 1996, the two were apprehended and subsequently arrested at a nearby motel in a room registered under the name of Sandra Watson (Watson).

II.

The Government introduced evidence that following the Appellants' arrest and after Watson granted police officials permission to search the motel room, officials found scraps of paper on which the names and telephone numbers of two defense attorneys were written. Gill and Barber now argue that the district court committed reversible error by allowing the Government to introduce these scraps of paper and that the error was compounded when the court allowed testimony that the two attorneys were prominent attorneys who handle "high profile, large scale drug cases."

We review a trial court's evidentiary ruling for abuse of discretion. See United States v. Ellis, 121 F.3d 908, 926 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-7095). At trial the defense argued that this evidence was irrelevant and that its probative value was outweighed by its prejudicial effect. See Fed. R. Evid. 403. However, we have held that evidence of flight is probative of consciousness of guilt, and that in order for the Government to obtain the relevant jury instruction, it must demonstrate the defendants' knowledge of the ensuing criminal investigation. See United States v. Porter, 821 F.2d 968, 976 (4th Cir. 1987). Consequently, the district court did not abuse its discretion in admitting this evidence reasoning that it was a fair inference that the Appellants knew they

3

were the subject of a criminal investigation because they had written down the names of two defense attorneys.

III.

Appellants also contend their Sixth Amendment rights of confrontation were violated when the district court limited the cross-examination of Officer Neil regarding "voice analysis." We review the district court's decision to limit cross-examination for an abuse of discretion. See United States v. Ambers, 85 F.3d 173, 175 (4th Cir. 1996).

The Government utilized electronic surveillance to monitor and tape record the drug transaction between Gill, Barber, and Brice. Testifying Officer Neil identified the voices of Gill and Barber on the surveillance tapes.* On cross-examination, Officer Neil was asked whether "voice analysis" is an investigative technique that is used, to which he responded: "I don't know much about it, I would think so." The defense was attempting to show that voice analysis was not attempted. The Government objected and the district court sustained the objection stating that it is not relevant that officials did not use investigative techniques available to them. Regardless of whether this evidence was relevant, Officer Neil lacked knowledge in the field of "voice analysis," and therefore, any information elicited would have been at best speculative. See Fed. R. Evid. 602. Accordingly, we find no prejudicial error from the district court's decision to limit this line of questioning.

IV.

Next, Appellants suggest that the district court erred when it instructed the jury that it could infer that they fled from authorities out of a consciousness of guilt because the Government failed to establish a sufficient factual basis for such a charge. Because Appellants failed

_____

*The identification of a defendant by a lay witness who is familiar with one's voice and speech patterns is admissible, even when the witness is a police officer who has become familiar with the defendant during the investigation. See United States v. Oriakhi, 57 F.3d 1290, 1298-99 (4th Cir. 1995).

to object to the instruction, we review for plain error. See United States v. Olano, 507 U.S. 725, 731 (1993).

A jury may draw a weak inference of guilt from circumstantial evidence that the accused was aware that law enforcement authorities were searching for him and that he fled from authorities out of consciousness of his guilt. See United States v. Beahm, 664 F.2d 414, 419-20 (4th Cir. 1981). If the Government relies on a defendant's flight as evidence of his guilt, it must establish an adequate evidentiary foundation to support that inference. See United States v. Hawkes, 753 F.2d 355, 358-59 (4th Cir. 1985).

We find that the evidence adduced at trial supports the inferences necessary to warrant the instruction given. Both Gill and Barber were affirmatively identified by Officer Neil and informant Brice as speakers in the conversation concerning the July 18, 1996, drug transaction. When the police entered Gill's home and found nobody inside, they went to his Gill's mother's home and Barber's wife's home and advised them that the two were the subject of a criminal investigation. On the night of the drug transaction Barber's cousin was asked to inform Gill and Barber that police officials were looking for them. Finally, Gill and Barber were found ten miles away from their homes in a motel room, registered in Watson's name, with the names and phone numbers of two defense attorneys on scraps of paper. In view of this evidence, we cannot say that the district court committed plain error in giving the flight instruction.

V.

Finally, Appellants argue that the district court erred when it denied their motion for a new trial based on newly discovered evidence. Appellants contend that on one occasion Brice is reported to have admitted to Officer Neil that he bought "crack" cocaine from both Gill and Barber at least ten times. However, Gill and Barber later discovered that Brice changed this earlier version and told Officer Neil that he purchased "crack" cocaine only from Barber and only three or four times.

This Court reviews a district court's denial of a motion for new trial based on newly discovered evidence for abuse of discretion. See

5

<u>United States v Singh</u>, 54 F.3d 1182, 1190 (4th Cir. 1995). Because this additional statement could only be used for impeachment purposes, we find that the district court did not abuse its discretion. <u>See id.</u>

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

6