1 A.3d 741 (2010)
415 N.J. Super. 169
STATE of New Jersey, Plaintiff-Respondent,
v.
Quinn M. LATNEY, a/k/a Kareem Williams, Defendant-Appellant.
Docket No. A-6208-06T4
Superior Court of New Jersey, Appellate Division.
Submitted May 18, 2010.
Decided August 6, 2010.
*743 Yvonne Smith Segars, Public Defender, attorney for appellant (Susan Brody, Assistant Deputy Public Defender, of counsel and on the brief).
Theodore J. Romankow, Union County Prosecutor, attorney for respondent (Sanjay Sethi, Assistant Prosecutor, of counsel and on the brief).
Before Judges WEFING, GRALL and MESSANO.
The opinion of the court was delivered by
GRALL, J.A.D.
Defendant Quinn M. Latney and his co-defendant Darrell Foote, also known as Darrell Smalls, were indicted and charged with robbery while armed with a deadly weapon, a crime of the first degree, N.J.S.A. 2C:15-1, and possession of an imitation firearm for an unlawful purpose, N.J.S.A. 2C:39-4(e). Foote pled guilty. Defendant was also charged with theft, N.J.S.A. 2C:20-3. The charge of theft was based on a separate incident in which defendant stole a Jaguar from a car dealership; defendant pled guilty to that count of the indictment prior to trial.[1]
The jury found defendant guilty of first-degree robbery and possession of an imitation firearm for an unlawful purpose. The judge merged defendant's convictions and sentenced him to a nineteen-year term of imprisonment subject to periods of parole ineligibility and parole supervision required by the No Early Release Act, N.J.S.A. 2C:43-7.2. In addition, the judge imposed a $100 VCCB penalty, a $75 SNSF assessment, a $30 LEOTEF penalty, a $250 fine and a $210 restitution obligation.
Foote was the State's main witness at trial. At about 2:00 a.m. on June 20, 2005, defendant drove a Jaguar into a Mobil gas station in Union. A young woman named Tah was his front-seat passenger and Foote was in the back seat, where he had fallen asleep. Defendant told Tah to ask the attendant, Chambas, for $20 worth of gas. Chambas attempted to comply but came back to say that the car would only hold $10.50 worth. Defendant handed Foote a toy gun and told him to "get" the attendant. Foote got out of the car and brandished the toy. He advised Chambas, *744 "You know what time it is." Foote explained that this statement was a direction for Chambas to give him everything that he had.
Chambas appeared shocked and put up his hands, but he then reached into his pocket and gave Foote $210. Once Foote was back in the car, defendant sped off. After buying something to eat, Foote and defendant divided the money. Defendant received about $90.
Evidence establishing that the Jaguar was stolen was not introduced at trial, but two or three days before the robbery, a dealership in Montclair had reported the Jaguar stolen. The State did, however, introduce evidence establishing that the Jaguar did not have a front license plate. The State also presented evidence that on June 21, 2005, Detective Calvin Anderson of the East Orange Police Department saw the Jaguar. Defendant was driving, and he was speeding. When the detective saw the car, officers in other police cars were pursuing it. Subsequently, defendant crashed into a police car and was arrested. Foote identified a photograph of the car after the crash as depicting the car defendant drove to and from the gas station.
A videotape retrieved from the Mobil station by the state trooper who responded to the scene on the day of the robbery depicted the robbery and the gun. It did not show the driver of the Jaguar. A video from a surveillance camera at a McDonald's taken days before the robbery showed defendant in the Jaguar. At the time of trial, the State was unable to locate Chambas or Tah. Thus, the only witness to the crime was Foote.
Defendant appeals and raises two issues. Both claims are objections to the jury instructions.
I. BECAUSE THE COURT IN ITS JURY INSTRUCTIONS ERRONEOUSLY SUGGESTED THAT DEFENDANT COULD ONLY BE FOUND GUILTY OF THE LESSER-INCLUDED OFFENSE OF SECOND-DEGREE ROBBERY IF HE WAS NOT ACTING AS FOOTE'S ACCOMPLICE WHEN FOOTE COMMITTED THE FIRST-DEGREE ROBBERY, REVERSAL IS REQUIRED. (Not Raised Below).
II. THE COURT ERRED IN ITS DECISION, OVER OBJECTION, TO READ THE JURY A FLIGHT CHARGE.
In order to convict defendant as an accomplice to first-degree robbery, the jurors were required to find beyond a reasonable doubt that the defendant "acted `[w]ith the purpose of promoting or facilitating' the robbery" and "`[a]id[ed] or agree[d] or attempt[ed] to aid [Foote] in planning or committing' the offense. N.J.S.A. 2C:2-6(c)(1)(b) (emphasis added)." State v. Whitaker, 200 N.J. 444, 459, 983 A.2d 181 (2009).
Defendant's claim of error is based on State v. Bielkiewicz, 267 N.J.Super. 520, 632 A.2d 277 (App.Div.1993). The foundation for Bielkiewicz is "that a principal and an accomplice, although perhaps liable for the same guilty act, may have acted with different or lesser mental states, thus giving rise to different levels of criminal liability." State v. Ingram, 196 N.J. 23, 41, 951 A.2d 1000 (2008) (reaffirming this "core and indisputable notion" underlying Bielkiewicz). "Bielkiewicz holds that `when a prosecution is based on the theory that a defendant acted as an accomplice, the court is obligated to provide the jury with accurate and understandable jury instructions regarding accomplice liability even without a request by defense counsel.'" Ingram, supra, 196 N.J. at 38, 951 A.2d 1000 (quoting Bielkiewicz, supra, *745 267 N.J.Super. at 527, 632 A.2d 277). The required explanation is that "`when an alleged accomplice is charged with a different degree offense than the principal or lesser[-]included offenses are submitted to the jury, the court has an obligation to carefully impart to the jury the distinctions between the specific intent required for the grades of the offense.'" Ibid. (quoting Bielkiewicz, supra, 267 N.J.Super. at 528, 632 A.2d 277).
Here, the lesser-included offense at issue was second-degree robbery. The question for the jury relevant to degree was whether defendant acted with the purpose of promoting or facilitating a robbery in which Foote would be "armed with, or use[ ] or threaten[ ] the immediate use of a deadly weapon," N.J.S.A. 2C:15-1b, and was, therefore, guilty of robbery in the first degree; or, whether defendant's purpose was to promote a robbery but not a robbery involving the prohibited conduct with a weapon, and was, therefore, guilty of robbery in the second degree, N.J.S.A. 2C:15-1a.
Defendant points to passages in the jury instructions that he contends could have led the jurors to conclude "that the only way for defendant to be guilty of the lesser-included offense would be if Foote himself had been guilty of only second-degree robbery." Defendant did not raise this objection below.
We are confident that the passages upon which defendant relies did not have any potential to lead the jurors to understand that defendant could not be guilty of second-degree robbery unless Foote was guilty of second-degree robbery. That is not what the judge said.
If you find the defendant not guilty of acting as an accomplice of Foote on the first[-]degree robbery charge, then you should consider whether the defendant Latney did act as an accomplice of defendant Foote, but with the purpose of promoting or facilitating the commission of a second[-]degree robbery offense.
The State's theory is that the defendant Latney, the one on trial, shared the same purpose that the defendant Foote had to commit the crime of second[-]degree robbery by Latney aiding and helping the defendant Foote commit the crime of robbery. And that's as to the second[-]degree robbery. Now, as to the crime of first[-]degree robbery, the State's theory further goes on to state that the defendant Foote had a gun, and threatened the victim with that gun, and that the defendant Latney knew that Foote had a gun, and that the defendant Latney shared the same purpose as Foote had to threaten the victim Chambas with that gun. All right? That he shared the same purpose. That he knew, that Latney knew there was a gun and shared the same purpose to use the gun.
The claim that the passages quoted above were confusing and misleading lacks sufficient merit to warrant additional discussion beyond an observation. Defendant acknowledges that "the court explained the principles set forth in State v. Bielkiewicz." Viewed in the context of the entire instruction on complicity, these passages have no capacity to mislead.
Defendant's second objection to the jury charge is that it was error to include an instruction on flight. We agree that the evidence did not warrant the instruction.
An instruction on a permissible inference of consciousness of guilt flowing from flight is appropriate when there are "circumstances present and unexplained which ... reasonably justify an inference that it was done with a consciousness of guilt and pursuant to an effort to avoid *746 an accusation based on that guilt." State v. Mann, 132 N.J. 410, 418-19, 625 A.2d 1102 (1993) (citation omitted). The jury must be able to find departure and "the motive which would turn the departure into flight." State v. Wilson, 57 N.J. 39, 49, 269 A.2d 153 (1970). Where the inference is attenuated, evidence relevant only to flight should not be introduced. Mann, supra, 132 N.J. at 419, 625 A.2d 1102 (discussing United States v. Foutz, 540 F.2d 733, 740 (4th Cir.1976)). The "imperative [is] that `each link in the chain of inferences leading to that conclusion [ i.e., consciousness of guilt of the crime charged] is sturdily supported.'" Id. at 419, 625 A.2d 1102 (quoting United States v. Beahm, 664 F.2d 414, 420 (4th Cir.1981)) (reversing conviction due to government's failure to substantiate adequately the inference that defendant fled to avoid arrest).
The propriety of admitting the evidence and delivering the instruction
depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.
[Id. at 420, 625 A.2d 1102 (quoting United States v. Myers, 550 F.2d 1036, 1049 (5th Cir.1977) (emphasis added)).]
The difficulty in this case is prong three of the test recited in Mann. There was no evidence before the jury about defendant's theft of the Jaguar two days before the robbery, but intent to avoid apprehension for that theft is one very reasonable explanation for defendant's taking flight when he was found driving the stolen car.
Because the evidence of the theft was not introduced, the judge did not instruct the jurors that they could not infer defendant's consciousness of guilt with respect to the robbery if they found defendant fled to avoid apprehension for theft or possession of a stolen car. Instead, the judge carefully instructed the jurors based on the two scenarios supported by the evidenceone, that defendant's flight was not probative of his consciousness of guilt of the robbery because he was fleeing to avoid apprehension for traffic violations; and two, that it was probative of his consciousness of guilt of robbery because he was fleeing to avoid apprehension for that crime.
While it was quite proper not to give the jury an explanation for flight not based on facts supported by the evidence, it was error to deliver a flight charge when the judge knew that evidence relevant to flight was not adduced at trial.
The judge's reasoning, as we understand it, was that defendant was obligated to present evidence of his theft of the Jaguar if he wanted the jurors to consider that explanation for flight. Prior to trial, the judge stated that he would take that approach.
Evidence of a defendant's criminal conduct unrelated to the charges at issue is generally excluded at trial and is admissible only for the limited purposes set forth in N.J.R.E. 404(b). The evidence is generally excluded because of its well-recognized potential to prejudice the defendant by suggesting his or her criminal propensities. See N.J.R.E. 404(b); State v. Weeks, 107 N.J. 396, 406, 526 A.2d 1077 (1987).
We cannot accept the trial judge's conclusion that a defendant is required to choose between introducing evidence of his or her own crimes or facing an instruction on flight that excludes pertinent facts. The resulting diminishment of the State's *747 obligation to prove the elements of the crime is as, if not more, dramatic than an instruction on an inference available from defendant's failure to produce a favorable witness, which is an instruction that the Supreme Court has disapproved. State v. Hill, 199 N.J. 545, 569-70, 974 A.2d 403 (2009). Here, the fact that the car was stolen was essential to the reasonableness of an inference that defendant led the police on a chase to avoid apprehension for robbery.
As noted above, we recognize that the judge could not instruct the jury to consider facts not in evidence. That is not the error. The problem should have been addressed at the time the judge, in the exercise of his or her responsibility as a gatekeeper, was deciding whether to admit or exclude the evidence of flight. Mann, supra, 132 N.J. at 419-20, 625 A.2d 1102.[2] In this case, an evaluation of the admissible and inadmissible evidence relevant in light of the factors identified in Mann did not give rise to a sufficient degree of confidence that the inference was reasonable.
Defendant lodged an objection on this basis at trial, and we must consider whether it was clearly capable of producing an unjust result. R. 2:10-2. We have a doubt about whether the verdict would have been the same if the jurors had not been directed that they could draw an inference of guilt based upon flight without having all of the evidence relevant to the reasonableness of that inference.
It is apparent that this was not an easy case for the jury. They commenced deliberations on the morning of Thursday, September 21, 2006, and they had multiple questions for the court that day. They returned a verdict on Tuesday, September 26, 2006.[3]
There is no question that the evidence was adequate to support the verdict; Foote's testimony, if believed, was clearly sufficient to establish the elements of first-degree robbery beyond a reasonable doubt. But, the evidence was not overwhelming. Apart from his co-defendant's testimony, there was no evidence putting defendant in the Jaguar that was present at the scene of the crime. Accordingly, we conclude that defendant is entitled to a new trial.
Reversed and remanded for a new trial.
NOTES
[1] There are references to defendant's guilty plea in the trial record made during a colloquy between the court and counsel. The judgment of conviction reflects that the charge of theft was dismissed. On this appeal, defendant does not present a challenge to the theft conviction.
[2] Defendant does not claim error based on the admission of the evidence.
[3] The parties have not provided transcripts for proceedings on Friday, September 22 or Monday, September 25, and it not clear whether the jurors deliberated on those days.