**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2577-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TERIK L. JACKSON, a/k/a
TERIK LASHAUN JACKSON,

    Defendant-Appellant.

_____

Submitted April 27, 2020 – Decided May 11, 2020

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 17-03-0355.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Christopher L. C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Joie Piderit, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from his convictions for eleven counts of first-degree armed robbery, N.J.S.A. 2C:15-1(a)(2); three counts of the disorderly persons offense of simple assault, N.J.S.A. 2C:12-1(a)(1); and one count of fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2), for his involvement in an armed-apartment robbery. He received an aggregate eighteen-year prison term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirm.

Three men entered a second-floor apartment with handguns. The men threatened and searched the eleven people in the apartment, taking their phones, wallets, wedding bands, and cash. The men collected the items, placed them into a pillowcase, and got into a car. Nearby officers located the car and pursued it. The driver attempted to elude police, eventually fleeing the vehicle on foot while it was still in motion. An officer chased after the vehicle's driver, who he identified as defendant, and captured him. Police found co-defendant Bryan Lambert in a nearby park. Police recovered the victims' missing items from a pillowcase found in the car and arrested defendant and co-defendant.

On appeal, defendant argues:

POINT I

THE DEFENDANT WAS DENIED THE RIGHT TO A FAIR TRIAL DUE TO THE STATE

2

WITHHOLDING EVIDENCE THAT THE OWNER OF THE GETAWAY VEHICLE HAD CEREBRAL PALSY AND COULD NOT HAVE BEEN INVOLVED IN THE ROBBERY. [(Raised Below).]

POINT II

THE DEFENDANT WAS DENIED THE RIGHT TO A FAIR TRIAL DUE TO JUROR INATTENTION. (Not Raised Below).

POINT III

THE DEFENDANT WAS DENIED THE RIGHT TO A FAIR TRIAL DUE TO AN ERRONEOUS INSTRUCTION THAT THE JURY SHOULD CONSIDER THE DEFENDANT'S FLIGHT. [(Raised Below).]

POINT IV

THE SENTENCE IMPOSED WAS EXCESSIVE – THE [JUDGE] IMPROPERLY CONSIDERED THE DEFENDANT'S AGE AND MATURITY. [(Raised Below).]

I.

We begin by addressing defendant's argument, that the State violated discovery rules by not disclosing the owner (the owner) of the getaway car had cerebral palsy. Defendant contends that the owner therefore was unable to run and could not have been one of the men who fled in the car. The failure to make this disclosure occurred during trial, after defendants rested their respective

3

cases. At that point, the State indicated its intention to elicit rebuttal testimony from Detective Kenneth Abode because co-defendant's counsel questioned Officer Tamika Baldwin, whose testimony created doubt that Detective Abode had sufficiently investigated the owner. Ultimately, the State decided not to question Detective Abode after hearing defense counsels' objections.

"A trial [judge's] resolution of a discovery issue is entitled to substantial deference and will not be overturned absent an abuse of discretion." State v. Stein, 225 N.J. 582, 593 (2016). However, we do not need to defer "to a discovery order that is well 'wide of the mark,' or 'based on a mistaken understanding of the applicable law.'" State v. Hernandez, 225 N.J. 451, 461 (2016) (citation omitted) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). We review the meaning or scope of a rule de novo and need not defer to the trial judge's interpretations "unless we are persuaded by [his or her] reasoning." State v. Tier, 228 N.J. 555, 561 (2017). We see no such abuse.

After a defendant's indictment, a prosecutor is obliged, as part of its discovery obligations, to provide the defense with the names, addresses, and records of statements of any person the prosecutor may call as a witness. R. 3:13-3. There is a continuing duty to provide discovery pursuant to Rule 3:13.

<u>R.</u> 3:13-3(f).  "Prosecutors are permitted to respond to arguments raised by defense counsel as long as they do not stray beyond the evidence."  <u>State v. Morais</u>, 359 N.J. Super. 123, 131 (App. Div. 2003).

There is no discovery violation as to the State's potential rebuttal witness because the State did not interview the owner.  Furthermore, after the assistant prosecutor represented that Detective Abode would testify that the owner of the vehicle had cerebral palsy and was not capable of running and therefore could not have been one of the men fleeing from the car, defense counsel objected and the State decided not to produce Detective Abode as a rebuttal witness.  The State did not interview the owner.  And there was no prejudice because defense counsel was still able to argue to the jury that the owner was a suspect.  Thus, there is no error.

## II.

Defendant asserts for the first time that the judge erred by not dismissing Juror #7.  According to the sheriff's officer, the juror was "dozing" just before the court broke for lunch, and that she seemed "like [she was] kind of trying to force herself to stay awake."  Defense counsel did not request that the judge take any action about this allegation.  We consider this contention for plain error.  <u>R.</u> 2:10-2.

Trial judges should take corrective action when counsel brings a sleeping juror to the judge's attention. State v. Scherzer, 301 N.J. Super. 363, 491 (App. Div. 1997). If the judge takes corrective action after learning of a sleeping juror and defense counsel does not request any further action, there is no reversible error. Ibid. The Court in State v. Mohammed, 226 N.J. 71, 87-88 (2016), refused to find an abuse of discretion where a judge made factual findings, based on his own personal observations, that the juror was not sleeping. Even though "the juror had 'been having his eyes closed on and off throughout the trial . . . he seem[ed] to be paying attention.'" Id. at 88.

Here, the judge adequately explained his observations of the juror on the record. The judge stated, "I've been looking at [Juror #7]. She . . . seems attentive to me. . . . I haven't made the observations [that] you've made." The assistant prosecutor agreed that he had not observed Juror #7 sleeping. The judge then stated that he would continue to "keep an eye on her" to make sure that the juror was awake. Even if we were to assume, contrary to what the judge found, that Juror #7 had been "dozing"—which is not supported by the record— before the lunch break, counsel and the witness continued to delve into the same subject matter on direct examination. Thus, no prejudice resulted.

A-2577-17T12577-17T1

III.

Defendant contends that there was insufficient evidence to support the flight charge. He argues that the charge was "grossly prejudicial and unwarranted" considering defendant did not testify.

Whether there is a sufficient evidentiary basis to support a flight charge is within the trial judge's discretion, and therefore we review for an abuse of discretion. State v. Long, 119 N.J. 439, 499 (1990). A flight instruction "is appropriate when there are 'circumstances present and unexplained which . . . reasonably justify an inference that it was done with a consciousness of guilt and pursuant to an effort to avoid an accusation based on that guilt.'" State v. Latney, 415 N.J. Super. 169, 175-76 (App. Div. 2010) (alteration in original) (quoting State v. Mann, 132 N.J. 410, 418-19 (1993)). "The jury must be able to find departure and 'the motive which would turn the departure into flight.'" Id. at 176 (quoting State v. Wilson, 57 N.J. 39, 49 (1970)).

> If [the jury] find[s] that the defendant, fearing that an accusation or arrest would be made against him/her on the charge involved in the indictment, took refuge in flight for the purpose of evading the accusation or arrest on that charge, then [the jury] may consider such flight in connection with all the other evidence in the case, as an indication or proof of consciousness of guilt.
>
> [Model Jury Charges (Criminal), "Flight" (rev. May 10, 2010).]

"Flight of an accused is admissible as evidence of consciousness of guilt, and therefore of guilt." Long, 119 N.J. at 499. "That said, '[m]ere departure, however, does not imply guilt' as '[f]light requires departure from a crime scene under circumstances that imply consciousness of guilt.'" State v. Ingram, 196 N.J. 23, 46 (2008) (alterations in original) (quoting Long, 119 N.J. at 499); see also Wilson, 57 N.J. at 49 (stating "[a] jury may infer that a defendant fled from the scene of a crime by finding that he departed with an intent to avoid apprehension for that crime. It is not necessary that he flee from custody or that he be found hiding").

Testimony established that the "tipping point," that is "departure to avoid detection or apprehension," was present in this case. Ingram, 196 N.J. at 47. Police located the vehicle that defendant was driving, activated their overhead lights, and attempted to pull the car over. Defendant made several turns to elude police, "cut[ting] through . . . cars" and making "[a] series of zig zags through different buildings." When defendant realized he could not exit the parking lot in his car, he fled on foot while the car was still in motion. Given that the evidence reasonably supports an inference that defendant fled with "a consciousness of guilt" to avoid apprehension, the trial judge did not abuse his discretion in giving the flight instruction. Latney, 415 N.J. Super. at 175-76.

A-2577-17T12577-17T1

IV.

Defendant argues that the judge erred by sentencing him to eighteen years' imprisonment—the same sentence as his co-defendant. He asserts that the judge held him to a "higher standard" because he was older and should have had better judgment than his co-defendant.

We review a trial judge's sentencing for an abuse of discretion. State v. Jones, 232 N.J. 308, 318 (2018).

> [A]n appellate court is bound to affirm a sentence, even if it would have arrived at a different result, as long the trial [judge] properly identifies and balances aggravating and mitigating factors that are supported by competent credible evidence in the record. Assuming the trial [judge] follows the sentencing guidelines, the one exception to that obligation occurs when a sentence shocks the judicial conscience.
>
> [State v. Cassady, 198 N.J. 165, 180 (2009) (emphasis added) (quoting State v. O'Donnell, 117 N.J. 210, 215-16 (1989)).]

We only disturb a sentence where the judge did not follow the sentencing guidelines, the evidence did not support the aggravating and mitigating factors, or the sentence is clearly unreasonable. State v. Roth, 95 N.J. 334, 364-65 (1984).

Here, the judge considered the appropriate aggravating and mitigating factors, and he made findings on the record. The judge considered defendant's

prior criminal history, including defendant's juvenile record consisting of weapons and theft offenses. Defendant has a previous obstruction and two resisting arrest convictions and a hindering charge. Defendant violated probation three times and ultimately went to state prison. Additionally, defendant violated his Intensive Supervision Program.

Although the judge noted that defendant is older than his co-defendant and therefore should demonstrate "better judgment, more maturity," the judge placed greater emphasis on defendant's prior criminal record. We reverse a defendant's sentence if there is an "obvious sense of unfairness" between sentences of co-defendants. State v. Roach, 146 N.J. 208, 232 (1996). "The question . . . is whether the disparity is justifiable or unjustifiable." Id. at 233.

Here, defendant's sentence was not disparate, but rather equal to that of his co-defendant. The judge properly highlighted that defendant "has . . . an adult criminal record. He spent time in prison." The judge correctly countered defendant's degree of culpability with defendant's age, maturity, and criminal history. Because defendant's sentence does not "shock[] the judicial conscience," Cassady, 198 N.J. at 180, and because the judge appropriately considered the aggravating and mitigating factors, the judge did not abuse his discretion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2577-17T12577-17T1