**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0072-21

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

JAMEL CARLTON,

    Defendant-Respondent.

_____

Submitted January 5, 2022 – Decided February 3, 2022

Before Judges Geiger and Susswein.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 18-05-0719 and 20-12-0711.

Cary Shill, Acting Atlantic County Prosecutor, attorney for appellant (John J. Santoliquido, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Robert W. Johnson, attorney for respondent.

PER CURIAM

This appeal arises in the course of an ongoing prosecution in which defendant, Jamel Carlton, is facing trial for crimes he allegedly committed against his girlfriend. Those charges are aggravated sexual assault, sexual assault, criminal restraint, assault, and burglary. Defendant also is charged with obstruction of law or other governmental function by means of flight from police. The State appeals from interlocutory rulings by the trial court (1) to sever and try separately the count charging obstruction, and (2) to exclude evidence of defendant's flight from the trial on the offenses he allegedly committed against his girlfriend. After carefully reviewing the record in light of the applicable principles of law, we conclude that the trial judge did not abuse her discretion and affirm.

We briefly summarize the pertinent facts and procedural history. In doing so, we recognize that defendant is presumed innocent. At 5:30 a.m. on February 10, 2018, Atlantic City Police arrested and charged defendant for assaulting his girlfriend at Bally's Casino. Defendant was released from police custody on a complaint-summons at 9:00 a.m.[1] Surveillance video shows that defendant

_____

[1] Defendant notes in his responding brief that the complaint-summons charging domestic violence assault was eventually dismissed. The limited record before us does not indicate whether a no-contact order or other restraints were issued

returned to the Casino at 10:00 a.m. wearing the same clothes he had been wearing at the police station.

At 11:30 a.m., Atlantic City police responded to a report by the girlfriend that defendant sexually assaulted her at the Casino. Upon their arrival, police observed defendant and ordered him to halt. He ignored their commands and ran from the Casino on foot. The flight was recorded on surveillance and body-worn camera video. Once the police apprehended defendant, they asked him why he had fled. Defendant explained that he ran from them because of a "situation with [his] girl."[2]

A grand jury subsequently returned a superseding indictment charging defendant with six crimes: (1) aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3); (2) sexual assault, N.J.S.A. 2C:14-2(c)(1); (3) burglary, N.J.S.A. 2C:18-29(a)(1); (4) aggravated assault, N.J.S.A. 2C:12-1(b)(7); (5) criminal restraint, N.J.S.A. 2C:13-2a; and (6) obstruction, N.J.S.A. 2C:29-1(a).

---

pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35.

[2] The trial court agreed that this statement was taken in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and thus would not be admissible in the State's case-in-chief.

A-0072-21

Importantly for purposes of this appeal, on June 17, 2021, the parties agreed to exclude "any indications and references to . . . [d]efendant's prior domestic violence matter from any videos and audio evidence."  Also on that date, defendant moved to sever the obstruction count and to exclude evidence of his flight from the trial on the remaining five counts pursuant to N.J.R.E. 403. The prosecutor contested defendant's in limine motions, arguing that defendant's flight is highly relevant to the other charges and constitutes "classic" evidence of consciousness of guilt.

On July 28, 2021, the trial judge heard oral argument and granted defendant's motions to sever the obstruction count from the remaining charges and exclude evidence relating to defendant's flight from the trial on the other charges.  Pursuant to N.J.R.E. 403, the judge weighed the probative value of the evidence of flight against the risk of unfair prejudice.  While acknowledging that defendant's flight was probative of his consciousness of guilt, the court concluded that the potential for prejudice "very slightly outweighed" the probative value of the flight evidence.  The trial judge emphasized that admitting the flight evidence "could create an issue with [defendant] being able to proceed with his version of events and being able to explain to the jury why he was running. . . ."  The judge added, "[a]nd I would not want the jury to be confused

4

or [defendant to] be foreclosed from saying whatever it is he's going to say about why he ran at that moment."

The judge granted the prosecutor's request to stay the severance/evidentiary rulings to permit the State to file an interlocutory appeal. On August 17, 2021, we granted the State's motion for leave to appeal. The State raises the following issue for our consideration:

> POINT I
>
> THE TRIAL COURT ABUSED ITS DISCRETION IN SEVERING COUNT 6 AND PRECLUDING EVIDENCE OF FLIGHT, AS THE EVIDENCE OF FLIGHT IS INEXTRICABLY LINKED TO THE CHARGED OFFENSES AND THE TRIAL COURT'S RULING WOULD ALLOW DEFENDANT TO EVADE PROSECUTION ON COUNT 6 WHETHER TRIED JOINTLY OR SEPARATELY[.]

We begin our analysis by acknowledging the legal principles governing this appeal. The scope of our review is limited. As a general matter, "'[t]he decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion.'" State v. Scott, 229 N.J. 469, 479 (2017) (quoting In re Est. of Hanges v. Metro Prop. & Cas. Ins. Co., 202 N.J. 369, 383–84 (2010)). We thus apply "a deferential standard in reviewing a trial court's evidentiary rulings and uphold its determinations 'absent a showing of an abuse of discretion.'" Ibid. (quoting State v. Perry, 225 N.J. 222, 233 (2016)). Relatedly,

A-0072-21

"'[a] reviewing court must not 'substitute its own judgment for that of the trial court' unless there was a 'clear error in judgment'—a ruling 'so wide of the mark that a manifest denial of justice resulted.'" Ibid. (quoting State v. Marrero, 148 N.J. 469, 484 (1997)).

We likewise afford deference when reviewing a trial court's decision whether to try a defendant on multiple counts simultaneously or to sever counts. See State v. Sterling, 215 N.J. 65, 73 (2013). As a general matter, "[t]he test for assessing prejudice is 'whether, assuming the charges were tried separately, evidence of the offenses sought to be severed would be admissible under [N.J.R.E. 404(b)] in the trial of the remaining charges.'" Ibid. (alteration in original) (quoting State v. Chenique-Puey, 145 N.J. 334, 341 (2013)). It is "[t]he admissibility of the evidence in both trials [that] renders inconsequential the need for severance." State v. Davis, 390 N.J. Super. 573, 591 (App. Div. 2007) (citation omitted).

The law is well-settled that evidence of "other crimes"—in this instance, the earlier domestic violence incident—is generally excluded at trial and is admissible only for the limited purposes set forth in N.J.R.E. 404(b).[3] Such

---

[3] Under N.J.R.E. 404(b), "[e]xcept as otherwise provided by Rule 608(b), evidence of other crimes, wrongs, or acts is not admissible to prove a person's

A-0072-21

evidence is generally excluded because of its well-recognized potential to prejudice a defendant by suggesting his or her criminal propensities. See State v. Weeks, 107 N.J. 396, 406 (1987). Because of the dangers that admission of other crimes evidence presents, "evidence proffered under Rule 404(b) 'must pass [a] rigorous test.'" State v. Garrison, 228 N.J. 182, 194 (2017) (quoting State v. Kemp, 195 N.J. 136, 159 (2008)). As we have noted, in this instance the trial court found that the potential for prejudice outweighed the probative value of the flight evidence, albeit only slightly.

In State v. Mann, our Supreme Court specifically addressed the balancing of prejudice against probative value with respect to evidence regarding a defendant's flight from police. 132 N.J. 410 (1993). The Court cautioned,

> [t]he potential for prejudice to the defendant and the marginal probative value of evidence of flight or escape mandate careful consideration of the nature of the evidence to be admitted and the manner in which it is presented. United States v. Hankins, 931 F.2d 1256, 1261–62 (8th Cir. 1991) (describing proper treatment of escape evidence to avoid undue prejudice)[.]

---

disposition in order to show that on a particular occasion the person acted in conformity with such disposition." However, evidence of prior bad acts "may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident when such matters are relevant to a material issue in dispute." Ibid.; see also infra note 5.

A-0072-21

[Id. at 420.]

The Court also warned, "[i]n those instances in which the trial court deems the evidence of flight admissible, it must instruct the jury carefully regarding the inferences the jury may draw from that evidence." Ibid.

The case law and model jury charge for flight make clear that a defendant may offer an explanation for his or her flight to rebut the State's argument that the flight evinces a consciousness of guilt.[4] Furthermore, as we noted in State v. Latney,

_____

[4] The model jury charges provides in pertinent part:

> There has been some testimony in the case from which you may infer that the defendant fled shortly after the alleged commission of the crime. The defense has suggested the following explanation:
> (SET FORTH EXPLANATION SUGGESTED BY DEFENSE)
>
> If you find the defendant's explanation credible, you should not draw any inference of the defendant's consciousness of guilt from the defendant's departure.
>
> If, after a consideration of all the evidence, you find that the defendant, fearing that an accusation or arrest would be made against him/her on the charge involved in the indictment, took refuge in flight for the purpose of evading the accusation or arrest, then you may consider such flight in connection with all the other

> [a]n instruction on a permissible inference of consciousness of guilt flowing from flight is appropriate when there are "circumstances present and unexplained which . . . reasonably justify an inference that it was done with a consciousness of guilt and pursuant to an effort to avoid an accusation based on that guilt."
>
> [415 N.J. Super. 169, 176–77 (2010) (quoting Mann, 132 N.J. at 418–19) (alteration in original) (emphasis added) (citation omitted).]

Defendant argues—and the trial judge found—that in this instance, if the obstruction count is not severed, defendant will be forced to choose between (1) challenging the State's accusation by introducing evidence of an uncharged bad act, or (2) leaving unchallenged the State's contention that defendant's flight was evidence of his consciousness of guilt of the aggravated sexual assault, assault, criminal restraint, and burglary offenses. We see no abuse of discretion in the trial court's decision to avoid imposing such a choice on defendant. Cf. Latney, 415 N.J. Super. at 177 ("We cannot accept the trial judge's conclusion that a

---

> evidence in the case, as an indication or proof of a consciousness of guilt.
>
> [Model Jury Charges (Criminal), "Flight" (rev. Mar. 10, 2010).]

A-0072-21

defendant is required to choose between introducing evidence of his or her own crimes or facing an instruction on flight that excludes pertinent facts.").

We stress that by agreeing to exclude evidence of the earlier domestic violence incident, the State has tacitly acknowledged that evidence concerning that episode would be unfairly prejudicial. Indeed, the self-evident purpose of that agreement was to avoid the inherent prejudice that would result if the jury learned about an unindicted—and since-dismissed—domestic violence assault earlier that day involving the same victim.[5] The whole point of the agreement would effectively be nullified if defendant were constrained to reveal the earlier domestic violence assault while offering an alternative explanation for why he ran from police. Given what our Supreme Court has described as the "marginal probative value of evidence of flight," Mann, 132 N.J. at 420, we do not believe the trial court strayed wide of the mark in ruling that in these circumstances, the

---

[5] The State on appeal does not argue that evidence of the earlier assault would be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident under N.J.R.E. 404(b). Indeed, the State abandoned and foreclosed any such argument by agreeing that evidence of the earlier domestic violence episode should not be admitted.

risk of prejudice warranted a severance of the fourth-degree obstruction count from the remaining counts of the indictment.[6]

The State argues the flight charge is so "intrinsic[ally] connect[ed]" to the other five charges that it cannot stand on its own. Even accepting just for the purposes of argument that were true, we do not believe the trial court abused its discretion in taking precautions to ensure a fair trial with respect to the more serious crimes alleged to have been committed against defendant's girlfriend. We decline to second-guess the trial court's exercise of caution in light of the agreement by the parties that the jury should not hear evidence regarding the earlier domestic violence incident.

We do not agree, moreover, with the State's contention that the trial court's ruling will allow defendant to "evade prosecution" for obstruction. As the trial judge aptly noted, "[s]o, Mr. Carlton will have himself two trials and two verdicts one way or the other. And two sentences if he's convicted." The electronic recordings of defendant's flight speak for themselves. The assessment of the balance of probative value and unfair prejudice, moreover, will no doubt

---

[6] We note that a limiting instruction would not guarantee that the risk of unfair prejudice had been eliminated. Cf. State v. Herbert, 457 N.J. Super. 490, 505–07 (App. Div. 2019) (discussing "the risk of imperfect compliance" with a limiting instruction).

11

be different at the second trial since by that point, defendant will no longer be in jeopardy with respect to the crimes against his girlfriend. We offer no opinion on whether or in what circumstances the court at the second trial might permit the State to introduce evidence of the victim's allegations of indictable crimes to explain why police were chasing defendant and why he fled from them.[7] Nothing in this opinion should be construed as precluding the State from introducing such evidence in the second trial. But in these specific circumstances, the fact that evidence of the crimes against the victim set forth in the indictment might be admissible in both trials does not "render[] inconsequential the need for severance." Cf. Davis, 390 N.J. Super. at 591 (citation omitted).

In sum, we believe the trial court committed neither a "clear error in judgment" nor a "manifest denial of justice" in taking precautions to safeguard the fairness and integrity of the trial on the more serious charges. See Scott, 229 N.J. at 479 (quoting Marrero, 148 N.J. at 484). While we might have reached a different conclusion were it our decision to make in the first instance, we decline to substitute our judgment for that of the trial court. Ibid.

---

[7] We note that obstruction under N.J.S.A. 2C:29-1(a) is graded as a fourth-degree crime only "if the actor obstructs the detection or investigation of a[n indictable] crime[,] . . . otherwise it is a disorderly persons offense." Ibid.

A-0072-21

To the extent we have not specifically addressed them, any remaining arguments made by the State lack sufficient merit to warrant discussion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirm

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0072-21